UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-436(DSD/TNL)

James Bougie,

                    Plaintiff,

v.                                                    **ORDER**

Messerli & Kramer, P.A. and
John Doe,

                    Defendants.


          Nicholas P. Slade, Esq. and Barry & Slade, LLC, 2021 East
          Hennepin Avenue, Suite 195, Minneapolis, MN 55413,
          counsel for plaintiff.

          Amanda E. Prutzman, Esq. and Eckberg, Lammers, Briggs,
          Wolff & Vierling, 1809 Northwestern Avenue, Stillwater,
          MN 55082 and Derrick N. Weber, Esq., Jennifer M.
          Zwilling, Esq. and Messerli & Kramer, 3033 Campus Drive,
          Suite 250, Plymouth, MN 55441, counsel for defendants.


     This matter is before the court upon the motion for summary

judgment by defendants Messerli & Kramer, P.A. (M&K) and John Doe.

Based on a review of the file, record and proceedings herein, the

court grants the motion.


                            **BACKGROUND**

     This debt-collection dispute arises from a debt owed by

plaintiff James Bougie to non-party Affinity Plus Federal Credit

Union (Affinity).  Compl. ¶ 7.  Affinity retained M&K to collect

the debt.  On October 17, 2009, M&K served a summons and complaint

on Bougie.  Id. ¶ 9.  According to Bougie, the process server left

the complaint with Bougie's ten-year old daughter.[1]   Id.   On October 21, 2009, Bougie contacted M&K by telephone to discuss settling the debt, and spoke to defendant John Doe.   Id. ¶¶ 10-11, 14.   Doe, a non-attorney, told Bougie that Affinity would only enter into a payment agreement if Bougie provided certain financial information.   Doe "became rude and belligerent, yelling at Plaintiff that he was refusing to cooperate and refusing to pay," and "ended the call by hanging up on Plaintiff."   Id. ¶¶ 17-18.   On October 22, 2009, Bougie again contacted M&K and spoke to Doe.   Id. ¶¶ 20-21.   Doe "again became rude and belligerent," yelled at Bougie, accused him of "playing games" and "acting like a child." Id. ¶ 22-23.   Doe requested information regarding Bougie's place of employment and employer's contact information, stating that M&K needed to verify his employment.   Id. ¶¶ 26, 28.   Bougie asked Doe if M&K was going to garnish his wages.   See Prutzman Aff. ¶ 22; id. Ex. 2, at 5.   Doe stated "[w]e certainly can, that's why we're retained."   Prutzman Aff. ¶ 22; see also id. Ex. 2, at 11.   Bougie claims that defendant Doe stated that "it needed the [employment] information in order to garnish his wages."   Compl. ¶ 33.

On February 16, 2010, Bougie filed this action, claiming that the October 21 and 22 telephone conversations violated the Fair

---

[1] The October 20, 2009, affidavit of the process server states that he served the summons and complaint on Mike Johnson, a 30-year old male.   See Prutzman Aff. Ex. A.   Bougie does not contest sufficiency of service of process.

Debt Collection Practices Act (FDCPA) § 15 U.S.C. §§ 1692c(b), 1692d, 1692d(2), 1692e, 1692e(2)-(5), 1692e(10), and 1692f and that Doe engaged in unauthorized practice of law in violation of Minn. Stat. § 571.71.  M&K moved for summary judgment.  The court now considers the motion.

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential

3

element necessarily renders all other facts immaterial.   Id. at 322-23.

As an initial matter, Bougie argues that the court should not consider portions of the affidavit of M&K attorney Amanda E. Prutzman because it does not meet the requirements of Rule 56(c)(4) of the Federal Rules of Civil Procedure.[2]  Under this rule, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."   Prutzman made the statements contained in the affidavit based upon her review of M&K's physical and electronic file and personal knowledge of practices and procedures at M&K. See Prutzman ¶¶ 1-2. Bougie does not challenge Prutzman's assertions that she acquired personal knowledge by reviewing the records in this case.[3] See Burlington N. R.R. Co. v. Nebraska, 802 F.2d 994, 1004 (8th Cir. 1986) ("personal knowledge or perception acquired through review of records prepared in the

---

[2]  Rule 56(c)(4) replaced former Rule 56(e)(1), cited by plaintiff.

[3]  Bougie admits that paragraph 22 of Prutzman's affidavit "does contain factual statements obtained for the tape recording" [sic].   However, he claims that "the introductory sentences are interpretive and conclusory."  Pl.'s Mem. Opp'n 7.  Bougie did not submit the tape recording as part of the record in this case. Bougie's bare assertion that paragraph 22 is misleading does not meet his burden to establish a genuine issue of material fact regarding the conversation between Doe and Bougie about garnishing wages.  See Celotex, 477 U.S. at 324.

ordinary course of business, or perceptions based on industry experience" provide foundation for lay testimony).   Therefore, Bougie's argument fails.   Moreover, summary judgment is warranted even excluding the challenged portions of the affidavit.

## I.   FDCPA

The FDCPA imposes strict liability on debt collectors who violate its provisions.  See Picht v. John R. Hawks, Ltd., 236 F.3d 446, 451 (8th Cir. 2001).   The court reviews alleged violations of the FDCPA under "the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder."   Strand v. Diversified Collection Servs., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citation and internal quotation marks omitted).   This standard protects uninformed consumers yet "contains an objective element of reasonableness."   Id.   The parties do not dispute that M&K is a debt collector for purposes of this action.

### A.   Section 1692d

Section 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" including, but not limited to, "use or threat of use of violence" or physical harm, "obscene or profane language," publishing names of consumers who allegedly refuse to pay debts, repeated or

continuous telephone calls, and "telephone calls without meaningful disclosure of the caller's identity."  15 U.S.C. § 1692d(1)-(6).

Bougie first argues that defendants harassed and abused him by requesting additional financial information — including contact information for his employer, his spouse's income, and current banking information — before agreeing to settle the debt for less than the amount owed.  Bougie does not dispute that defendants are permitted to request this information before agreeing to settle the debt and are not obliged to negotiate a settlement, but argues that doing so was abusive.  Bougie provides no support for this argument aside from the assertion that "[t]here is a lot of conduct that is otherwise legal, that when employed by a debt collector is harassing and abusive."  Pl.'s Mem. 13.  Here, however, defendants were requesting information in the course of considering a settlement.  Bougie presents no evidence that the natural consequence of this request was to harass or abuse him.  To the contrary, the natural consequence of the request was to enter into a settlement agreement favorable to both parties.

Bougie next argues that defendant Doe harassed and abused him by becoming rude and belligerent, yelling at him, hanging up on him, and accusing him of "playing games" and "acting like a child." Compl. ¶¶ 10-24.  This level of conduct does not give rise to liability under § 1692d.  See, e.g., Gallagher v. Gurstel, Staloch & Chargo, P.A., 645 F. Supp. 2d 795, 799 (D. Minn. 2009) (citing

Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769, 773-74 (7th Cir. 2003) (debt collector called debtor's coworker and said "tell Amanda to stop being such a [expletive] bitch"); Sanchez v. Client Servs., Inc., 520 F. Supp. 2d 1149, 1160-61 (N.D. Cal. 2007) (debt collector called debtor's workplace fifty-four times over the course of several months)).  "Section 1692d is meant to provide a remedy for harassment, oppression, and abuse, not for bad manners." Gallagher, 645 F. Supp. 2d at 799.  Here, there are no allegations that defendant Doe, for example, threatened Bougie with violence or other criminal means, used profane language, or called Bougie repeatedly.[4]  No reasonable juror could find that the two telephone conversations violated § 1692d.  Therefore, summary judgment is warranted on this claim.

**B.   Section 1692c(b)**

Section 1692c(b) provides that, except for the purpose of obtaining location information, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector" without the consent of the debtor.

---

[4] To the contrary, the record shows that Bougie initiated both telephone conversations.

7

Bougie argues that defendants violated this section by requesting contact information for Bougie's employer. However, Bougie does not allege, much less provide evidence, that defendants communicated with his employer. Instead, Bougie alleges that defendants sought the phone number for his place of employment and that Bougie denied the request. Compl. ¶¶ 26-28. The plain language of § 1692c(b) prohibits communicating with a third party, not requesting a third party's contact information. Therefore, this claim is without merit and summary judgment is warranted.

## C.   Section 1692e[5]

Bougie alleges that defendants violated § 1692e but offers no argument in support of this assertion. To the extent that this claim rests on Doe's statement that garnishment of wages was a possibility, this claim fails. Such statement, in response to Bougie's question about whether M&K would seek to garnish his wages, cannot reasonably be construed to be a false representation that his wages were presently subject to garnishment or that Doe was an attorney. Garnishment of wages is a possible action in a debt collection, and Doe's answer merely reflects that commonsense reality. There is no evidence that Doe told Bougie that M&K was going to seek garnishment, threatened to take such action or even

---

[5] Although Bougie claims that defendants violated 15 U.S.C. §§ 1692e, 1692e(2)-(5), 1692e(10) and 1692f, his memorandum in opposition to the instant motion provides no argument to support these claims. See Compl. ¶¶ 19, 45; see also Pl.'s Mem. Opp'n 8 (listing these sections, but providing no argument in support).

suggested that M&K had taken any action regarding garnishment.[6] Had the matter progressed and Bougie remained delinquent, there is no evidence that M&K could not have legally sought garnishment. Therefore, summary judgment is warranted on this claim.

### D.   Section 1692f

Bougie next alleges that M&K violated § 1692f but presents no argument in support of this assertion.  Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt" including collection of unauthorized amounts, acceptance of a check postdated by more than five days, solicitation of a postdated check for the purpose of threatening criminal prosecution, depositing a postdated check, making a collect call to a debtor, taking nonjudicial action, communicating with a debtor by postcard, using language or symbols on envelopes sent through the mail.  <u>See</u> 15 U.S.C. § 1692f.  The requests for employment and other financial information and Doe's statement regarding wage garnishment do not constitute unfair or unconscionable means to collect or attempt to collect the debt.

---

[6] Although Bougie characterizes the conversation as a threat to garnish wages, this unsupported assertion is controverted by paragraph 22 of Prutzman's affidavit.

Bougie offers no evidence from which a reasonable juror could find a violation of § 1692f.  Therefore, this claim is without merit, and summary judgment is warranted.[7]

## II.  Unauthorized Practice of Law

No person, except an attorney admitted to the Minnesota bar, may "by word, sign, letter, or advertisement ... hold himself out as competent or qualified to give legal advice."  Minn. Stat. § 481.02 subd. 1.  Minnesota courts look to "the character of the legal question" to determine whether a non-lawyer is engaging in unauthorized practice of law.  See Cardinal v. Merrill Lynch Realty/Burnet, Inc., 433 N.W.2d 864, 868 (Minn. 1988).  If a layman "resolves legal questions for another – at the latter's request and for a consideration – by giving him advice or by taking action for and in his behalf, he is practicing law if difficult or doubtful legal questions are involved which, to safeguard the public, reasonably demand the application of a trained legal mind."  Id. (quoting Gardner v. Conway, 48 N.W.2d 788, 796 (Minn. 1951)).

Bougie argues that Doe violated this provision by informing him that defendants could garnish his wages.  Bougie provides no case law in support of his argument, and instead relies on the assertion that "a reasonable jury could find that Defendant Doe ... held himself out as competent to give legal advice."  Pl.'s Mem.

---

[7] As a result, the court need not consider whether the bona fide error defense applies.

17.  The court disagrees.  There is no evidence that defendant Doe resolved a legal question for Bougie, gave him legal advice of any sort, took any action on Bougie's behalf, or that the conversation involved "difficult or doubtful legal questions ... which, to safeguard the public, reasonably demand the application of a trained legal mind."  <u>Id.</u>  Therefore, this claim also fails.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment [ECF No. 8] is granted. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 23, 2011

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court